■ NADENE MIGLI et al., Respondents, v ROBERT E. DAVENPORT et al., Doing Business as HIRAM'S GAS & CONVENIENCE STORE, INC., Appellants, et al., Defendants. [672 NYS2d 551] —Order unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Nadene Migli (plaintiff) when she allegedly slipped and fell on a patch of black ice in the parking lot of Hiram's Gas & Convenience Store. Plaintiffs allege that the icy patch formed from the runoff of melted snow where the store's roof lacked a gutter.

Robert Emerson Davenport, Anthony Lanzafam and Michael Glynn, doing business as Hiram's Gas & Convenience Store, Inc. (defendants), moved for summary judgment dismissing the complaint against them on the ground that they did not create the allegedly defective condition and had no actual or constructive notice of it. Supreme Court granted the motion in part by

dismissing the complaint insofar as it seeks to impose liability on the theories that defendants affirmatively created or had actual notice of the defective condition. The court denied the motion in part, concluding that issues of fact remain whether defendants had constructive notice of the defective condition.

The court properly denied the motion in part because defendants failed to meet their burden of proving lack of constructive notice (*see, Gebo v Jefferson Lewis Bd. of Coop. Educ. Servs.*, 248 AD2d 1025; *cf., Wright v Rite-Aid of NY*, 249 AD2d 931 [decided herewith]). Defendants submitted evidence that Davenport was aware that the absence of a gutter caused rain and melting snow to run off the roof and down the slope of the parking lot, causing ice to form during the winter months in the area where plaintiff fell. From defendants' own submissions, "an inference could be drawn that defendant[s] had actual knowledge of a recurrent dangerous condition and therefore could be charged with constructive notice of each specific reoccurrence of the condition" (*Padula v Big V Supermarkets*, 173 AD2d 1094, 1096; *see, Camizzi v Tops, Inc.*, 244 AD2d 1002; *O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106). Such actual knowledge "is qualitatively different from a mere 'general awareness' that a dangerous condition may be present" (*Chin v Harp Mktg.*, 232 AD2d 601, 602, quoting Piacquadio v Recine Realty Corp., 84 NY2d 967, 969).

Because defendants failed to meet their initial burden on the motion, it is not necessary to consider the sufficiency of plaintiffs' opposing papers, including the affidavit of plaintiffs' expert meteorologist (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Gebo v Jefferson Lewis Bd. of Coop. Educ. Servs., supra*). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.