■ BEVERLY NENNO, as Executrix of W. DAVID NENNO, Deceased, et al., Respondents, v BLUE CROSS & BLUE SHIELD OF WESTERN NEW YORK, Appellant, et al., Defendant. (Appeal No. 2.) [755 NYS2d 679] —Appeal from an order of Supreme Court, Erie County (Makowski, J.), entered December 14, 2001, which denied the motion of defendant Blue Cross & Blue Shield of Western New York to confirm the determination of the external appeal agent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Same memorandum as in *Nenno v Blue Cross & Blue Shield of W. N.Y.* (303 AD2d 930 [2003]). Present—Green, J.P., Pine, Hurlbutt, Kehoe and Hayes, JJ.

■ HERBERT ZWECKER, Appellant, v BAUSCH & LOMB, INC., Respondent. [755 NYS2d 681] —Appeal from an order of Supreme Court, Monroe County (Lunn, J.), entered March 8, 2002, which granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained when he allegedly slipped and fell in the lobby of defendant's property on two consecutive snowy days in January 1999. We agree with plaintiff that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Defendant failed to meet its initial burden of establishing as a matter of law that it lacked constructive notice of the existence of a dangerous condition (*see Gentile v University of Rochester Med. Ctr.*, 292 AD2d 874 [2002]; *Migli v Davenport*, 249 AD2d 932, 933 [1998]). Because defendant failed to meet its initial burden on the motion, it is unnecessary to consider the sufficiency of plaintiff's opposing papers (*see Migli*, 249 AD2d at 933). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.