■ SALVATORE MONDELLO, Appellant, v DOMENICA DISTEFANO et al., Defendants, and SOUTHGATE AT BAR HARBOUR HOMEOWNERS ASSOCIATION, INC., Respondent. [792 NYS2d 177]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of (1) an order of the Supreme Court, Nassau County (Alpert, J.), dated October 20, 2003, as granted the motion of the defendant Southgate At Bar Harbour Homeowners Association, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court dated January 20, 2004, as, upon the order, dismissed the complaint insofar as asserted against that defendant. The notice of appeal from the order dated October 20, 2003, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, so much of the order as granted the motion of the defendant Southgate At Bar Harbour Homeowners Association, Inc., for summary judgment dismissing the complaint insofar as asserted against it is vacated, the motion is denied, and the complaint is reinstated insofar as asserted against that defendant; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff allegedly was injured when he slipped and fell on ice in a driveway maintained by the defendant Southgate At Bar Harbour Homeowner's Association, Inc. (hereinafter Southgate). The Supreme Court granted Southgate's motion for summary judgment, finding that there was no evidence that Southgate "created the dangerous condition or had actual or constructive notice thereof." We reverse.

As the party seeking summary judgment, Southgate had the burden of establishing its prima facie entitlement to judgment as a matter of law, and was required to do so by affirmatively demonstrating the merit of its claim or defense, rather than by pointing to gaps in the plaintiff's proof (*see Peskin v New York City Tr. Auth.*, 304 AD2d 634 [2003]). Here, the plaintiff alleged, inter alia, that Southgate created the dangerous condition or had constructive notice thereof. Specifically, he averred that a gutter outfall in the vicinity of the accident site was defective in

that it permitted runoff water to discharge directly onto the driveway. In support of its motion for summary judgment, Southgate failed to tender any evidence affirmatively showing that it had no responsibility for the condition of the gutters or the location of the outfall. Moreover, the plaintiff, in opposition to the motion, tendered evidence in support of his theory that the placement of the outfall caused ice to form in the area where he fell. In particular, the plaintiff's submission, which includes photographs clearly depicting the outfall and its effect on the adjoining pavement, raised triable issues of fact as to whether Southgate had actual knowledge of a recurrent dangerous condition and therefore could be charged with constructive notice of each specific reoccurrence of that condition (*see Loguidice v Fiorito*, 254 AD2d 714 [1998]; *Migli v Davenport*, 249 AD2d 932 [1998]; *Wernig v Parents & Bros. Two*, 195 AD2d 944 [1993]). Accordingly, Southgate's motion for summary judgment should have been denied. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.