■ THERESA SCHMIDT, Appellant, v THOMAS DIPERNO et al., Respondents. [808 NYS2d 413]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 4, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Initially, the plaintiff's contention that the defendants failed to support the motion with evidentiary proof in admissible form is without merit (*cf. Palumbo v Innovative Communications Concepts,* 175 Misc 2d 156 [1997], *affd* 251 AD2d 246 [1998]).

The plaintiff brought this action after she allegedly was injured when she slipped and fell on a patch of ice on the driveway adjacent to the defendants' home. The Supreme Court granted the defendants' motion for summary judgment, determining that the defendants did not have constructive notice of the icy condition. We reverse.

The defendants established their prima facie entitlement to judgment as a matter of law by presenting evidence that they neither created nor had actual or constructive notice of the icy condition (*see Ronconi v Denzel Assoc.,* 20 AD3d 559 [2005]; *Pizarro v Grenadier Realty Corp.,* 5 AD3d 652 [2004]; *Voss v D&C Parking,* 299 AD2d 346 [2002]; *DeVivo v Sparago,* 287 AD2d 535 [2001]).

However, in opposition, the plaintiff tendered evidence in support of her theory that when snow on the roof of the defendants' home melted, it ran onto the driveway from a downspout, collected or pooled there, and subsequently froze, resulting in the patch of ice that caused her fall. The plaintiff's submissions, which included, inter alia, the affidavits of a meteorologist and a civil engineer, raised a triable issue of fact as to whether the defendants had actual notice of a recurrent dangerous condition regarding pooled water on the driveway that may have descended from the downspout, and were thus chargeable with constructive notice of each specific occurrence of the condition (*see Mondello v DiStefano,* 16 AD3d 637 [2005]; *Loguidice v Fiorito,* 254 AD2d 714 [1998]; *Migli v Davenport,* 249 AD2d 932 [1998]). H. Miller, J.P., Adams, Luciano and Rivera, JJ., concur.