JEANETTE CORRIDAN et al., Respondents, v PUBLIC ADMINISTRATOR OF SUFFOLK COUNTY, Appellant. [862 NYS2d 509]—

In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated January 17, 2008, as, in effect, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of the negligence of the defendant's decedents.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 14, 2003 the injured plaintiff was injured when she allegedly slipped and fell on ice that had accumulated on a wheelchair ramp used as a means of ingress and egress to the defendant's decedents' house. On their motion for summary judgment, the plaintiffs demonstrated their prima facie entitlement to judgment on the issue of the negligence of the defendant's decedents (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), by establishing that the decedents had constructive notice of a dangerous condition on their property that caused the injured plaintiff's injuries (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]). The plaintiffs submitted evidence demonstrating that for at least one year prior to the date of the accident, a gutter on the roof of the house drained water through a pipe directly onto the area of the ramp where the injured plaintiff slipped and fell (*cf. Mondello v DiStefano,* 16 AD3d 637, 639 [2005]). In response,

562

the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit. Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur. [*See* 2008 NY Slip Op 30188(U).]