■ JOSEPH CAMPONE et al., Respondents, v PISCIOTTA SERVICES, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [930 NYS2d 62]—

On January 25, 2006, Joseph Campone (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell on a patch of ice on the sidewalk abutting the entrance of a building located in Poughkeepsie (hereinafter the subject premises). The injured plaintiff and his wife commenced this action against, among others, the owner of the subject premises, Pisciotta Services, Inc. (hereinafter PSI), and the sole shareholder of PSI, Salvatore J. Pisciotta, Jr. (hereinafter Pisciotta).

The Supreme Court properly denied the motion of PSI and Pisciotta (hereinafter together the defendants) for summary judgment dismissing the complaint insofar as asserted against them. The defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence that they neither created nor had actual or constructive notice of the ice patch on which the injured plaintiff allegedly slipped and fell (*see Brown v Outback Steakhouse*, 39 AD3d 450 [2007]; *Schmidt v DiPerno*, 25 AD3d 545, 546 [2006]; *Price v EQK Green Acres*, 275 AD2d 737, 737-738 [2000]). In opposi-

tion, however, the plaintiffs submitted sufficient evidence to raise a triable issue of fact as to whether the defendants had actual notice of an alleged recurrent dangerous condition regarding water runoff from the roof of the subject premises, which pooled in the area where the injured plaintiff fell, and were, thus, chargeable with constructive notice of each specific occurrence of the condition (*see Schmidt v DiPerno*, 25 AD3d at 546; *Mondello v DiStefano*, 16 AD3d 637, 639 [2005]; *Loguidice v Fiorito*, 254 AD2d 714 [1998]; *Migli v Davenport*, 249 AD2d 932, 933 [1998]).

Further, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Pisciotta, individually. Pisciotta demonstrated his prima facie entitlement to judgment as a matter of law by showing that he did not own the subject premises. In this regard, Pisciotta produced a copy of the 1994 deed transferring title of the subject premises from himself to PSI. In opposition, the plaintiffs raised a triable issue of fact as to whether the court should disregard the corporate form and pierce the corporate veil in order to achieve equity. "Generally, a plaintiff seeking to pierce the corporate veil must show that 'complete domination' was exercised over a corporation with respect to 'the transaction attacked,' and 'that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury' (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998])" (*Williams v Lovell Safety Mgt. Co., LLC*, 71 AD3d 671, 671-672 [2010]). "Additionally, 'the corporate veil will be pierced to achieve equity, even absent fraud, [w]hen a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego' (*Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 893 [2003] [internal quotation marks omitted]; *see Austin Powder Co. v McCullough*, 216 AD2d 825, 827 [1995]; *Pebble Cove Homeowners' Assn. v Fidelity N.Y. FSB*, 153 AD2d 843 [1989])" (*id.* at 672). Here, the plaintiffs presented evidence that PSI was dissolved in 1997 and that in January 2005, Pisciotta, the sole shareholder of PSI, instructed the injured plaintiff to pay rent for the subject premises directly to him rather than to PSI. Under the circumstances, the defendants were not entitled to summary judgment dismissing the complaint insofar as asserted against Pisciotta.

The defendants' remaining contentions are either not

properly before this Court or without merit. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.