■ ANDREW CUILLO, Appellant, v FAIRFIELD PROPERTY SERVICES, L.P., et al., Respondents. [977 NYS2d 353]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated December 21, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on "black ice" on the defendants' premises. At his deposition, the plaintiff testified that, prior to the accident, he did not see any snow or ice on the ground. The plaintiff testified that he did not see any wetness or the subject icy condition, even though he looked down before the incident occurred. As a result of the accident, the plaintiff commenced this action. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence (*see Mignogna v 7-Eleven, Inc.*, 76 AD3d 1054 [2010]; *Crosthwaite v Acadia Realty Trust*, 62 AD3d 823 [2009]). Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that they did not create the alleged icy condition or have actual or constructive notice of it (*see Gushin v Whispering Hills Condominium I*, 96 AD3d 721 [2012]; *Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540 [2003]; *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. Under the circumstances of this case, the Supreme Court providently exercised its discretion in declining to entertain the affidavits of the plaintiff's experts, who were not previously identified (*see* CPLR 3101 [d] [1] [i]; *Rivers v Birnbaum*, 102 AD3d 26 [2012]; *Kozlowski v Oana*, 102 AD3d 751 [2013]). In any event, these affidavits were conclusory and insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *cf. Schmidt v DiPerno*, 25 AD3d 545 [2006]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Lott, Austin and Miller, JJ., concur. **[Prior Case History: 2011 NY Slip Op 33457(U).]**