■ CHRISTIAN JORQUERA, Plaintiff, v FANNWOOD ESTATES, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents. W.B. & SONS CONSTRUCTION CORP. et al., Third-Party Defendants-Appellants. [989 NYS2d 308]—

In an action to recover damages for personal injuries, the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated December 7, 2012, as denied their cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he fell off a ladder while preparing to paint a stairwell in a building owned and managed by the defendants/third-party plaintiffs, Fannwood

Estates, LLC, and Woods Management Company (hereinafter together the defendants). He commenced this action against the defendants, seeking to recover damages for personal injuries. At his deposition, the plaintiff testified that he was employed by a contractor, the third-party defendant W.B. & Sons Construction Corp. (hereinafter W.B.), at the time of his accident. W.B.'s owner, the third-party defendant Alexander Briceno, denied at his deposition that the plaintiff ever worked for W.B. Subsequently, the defendants commenced a third-party action against W.B. and Briceno, seeking contribution and common-law indemnification, and alleging breach of contract for failure to procure insurance.

The third-party defendants cross-moved for summary judgment dismissing the third-party complaint, contending that they were entitled to judgment as a matter of law, regardless of whether they were the plaintiff's employer. They argued that, according to the plaintiff's account, they were his employers, and there was no allegation that the plaintiff had sustained a "grave injury." Thus, the defendants' third-party causes of action for common-law indemnification and contribution were barred by Workers' Compensation Law § 11. The third-party defendants further contended that under Briceno's version of the facts, the plaintiff was not W.B.'s employee. Therefore, they argued, the sole cause of action against the defendants which had survived prior motion practice, alleging a violation of Labor Law § 240 (1), was not viable, since the plaintiff was not employed within the meaning of the Labor Law at the time of the accident.

The Supreme Court correctly concluded that the third-party defendants did not establish their prima facie entitlement to judgment as a matter of law dismissing the third-party complaint. Since a triable issue of fact existed as to whether the plaintiff was employed by the third-party defendants, they failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the third-party causes of action for contribution and common-law indemnification pursuant to Workers' Compensation Law § 11 (see *Quinn v Hillside Dev. Corp.*, 309 AD2d 794, 795 [2003]). Moreover, contrary to the third-party defendants' contention, their submissions failed to eliminate all triable issues of fact as to whether the plaintiff, under Briceno's version of the facts, was employed within the meaning of the Labor Law by an entity other than W.B. at the time of the accident (see *Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 674 [2013]; *Baker v Muraski*, 61 AD3d 1373, 1373-1374 [2009]). The third-party defendants also did not establish, prima

facie, that they were not contractually obligated to procure insurance naming the defendants as additional insureds (*cf. Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1018 [2012]; *Richards v Passarelli*, 77 AD3d 905, 908-910 [2010]). Accordingly, the third-party defendants' cross motion was properly denied, without regard to the sufficiency of the defendants' submissions in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Torres v Perry St. Dev. Corp.*, 104 AD3d at 676-677).

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.