■ JORGE ARBOLEDA, Plaintiff, v ROCKLEDGE SCAFFOLD CORP. et al., Defendants, and DJM RESTORATION, INC., et al., Defendants/Third-Party Plaintiffs/Second Third-Party Plaintiffs-Respondents. NEW YORK INSULATION, INC., Third-Party Defendant-Appellant; NEW YORK INSULATION & ENVIRONMENTAL SERVICES, INC., et al., Second Third-Party Defendants-Appellants, et al., Second Third-Party Defendant. [1 NYS3d 137]—

In an action to recover damages for personal injuries, the

third-party defendant New York Insulation, Inc., and the second third-party defendants New York Insulation & Environmental Services, Inc., and Anthony Cardinale appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated September 12, 2012, as denied those branches of their motion which were for summary judgment dismissing so much of the third-party complaint as asserted a cause of action for contractual indemnification against New York Insulation, Inc., so much of the second-third party complaint as asserted a cause of action for contractual indemnification against New York Insulation & Environmental Services, Inc., and the second third-party complaint insofar as asserted against Anthony Cardinale.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants/third-party plaintiffs/ second third-party plaintiffs-respondents.

The plaintiff was allegedly injured while working on a construction project. At the time he was injured, he was allegedly employed by the appellant New York Insulation, Inc., and/or the appellant New York Insulation & Environmental Services, Inc. (hereinafter together the appellant corporations). The defendants DJM Restoration, Inc., and DJM Contracting Services Corp. (hereinafter together the DJM defendants) were the general contractors on the project. After the plaintiff commenced this action to recover damages for personal injuries, the DJM defendants commenced a third-party action and a second third-party action against, among others, the appellant corporations and their principal, the appellant Anthony Cardinale. The DJM defendants alleged that they had entered into a contract with the appellant corporations to perform work on the project which contained provisions requiring the appellant corporations to indemnify the DJM defendants. The appellants moved, inter alia, for summary judgment dismissing so much of the third-party complaint and the second third-party complaint as asserted causes of action for contractual indemnification against the appellant corporations, and the second third-party complaint insofar as asserted against Cardinale. The Supreme Court denied those branches of the motion without prejudice to renewal upon the completion of discovery.

The appellants failed to demonstrate their prima facie entitlement to judgment as a matter of law. In connection with their motion, the appellants submitted conflicting deposition testimony as to whether representatives of the DJM defendants and the appellant corporations executed a contract for work on the project, as to whether the appellant corporations actually

performed work on the project, and as to whether either of the appellant corporations employed the plaintiff at the relevant time. Under these circumstances, the appellants failed to establish, prima facie, that the appellant corporations did not enter into a contract with the DJM defendants (cf. *Del Vecchio v Danielle Assoc., LLC*, 108 AD3d 583, 586 [2013]; *Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146 [2011]; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978 [2006]; cf. also *Jorquera v Fannwood Estates, LLC*, 119 AD3d 744, 745-746 [2014]).

The appellants' argument that the alleged contract was unenforceable because it was missing one or more material terms (*see generally Willmott v Giarraputo*, 5 NY2d 250, 253 [1959]), raised for the first time on appeal, is not properly before this Court (*see Buck Realty of Long Is., Inc. v Elliott*, 106 AD3d 768 [2013]).

The appellants also failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the second third-party complaint insofar as asserted against Cardinale. The evidence submitted by the appellants failed to eliminate all triable issues of fact as to whether the appellant corporations were independent of Cardinale or were his alter ego (*see DeMartino v 3858, Inc.*, 114 AD3d 634, 636 [2014]; *see also Campone v Pisciotta Servs., Inc.*, 87 AD3d 1104, 1105 [2011]).

Accordingly, the Supreme Court properly denied those branches of the appellants' motion which were for summary judgment dismissing so much of the third-party complaint and the second third-party complaint as asserted causes of action for contractual indemnification against the appellant corporations, and the second third-party complaint insofar as asserted against Cardinale, without prejudice to renewal upon the completion of discovery, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Roman, Miller and Maltese, JJ., concur.