In the Matter of JACOB AGAI et al., Respondents, v DIONTECH CONSULTING, INC., et al., Respondents, and STYLIANOS ANTONIOU et al., Appellants. [29 NYS3d 441]—

In a proceeding pursuant to CPLR article 52, inter alia, to enforce two judgments, Stylianos Antoniou and Sokrates Antoniou appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Dollard, J.), entered August 29, 2013, as granted that branch of the petitioners' motion which was for summary judgment on so much of the petition as sought to enforce the judgments against them personally by piercing the corporate veil of Diontech Consulting, Inc., and denied their cross motion for summary judgment dismissing the petition insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In underlying actions entitled *Agai v Diontech Consulting, Inc.*, and *Diontech Consulting, Inc., v 291 Avenue P, LLC*, which were commenced in the Supreme Court, Richmond County, under index Nos. 102968/07 and 100103/10, respectively, the petitioners obtained two judgments against Diontech Consulting, Inc. (hereinafter Diontech). The petitioners commenced this proceeding pursuant to CPLR article 52, inter alia, to enforce the judgments personally against two of Diontech's alleged principals, Stylianos Antoniou and Sokrates Antoniou (hereinafter together the appellants), by piercing the corporate veil of Diontech. The petitioners moved, among other things, for summary judgment on so much of the petition as sought to enforce the judgments against the appellants personally by piercing the corporate veil of Diontech, and the appellants

cross-moved for summary judgment dismissing the petition insofar as asserted against them. The Supreme Court granted that branch of the petitioners' motion and denied the cross motion.

Equity will intervene to pierce the corporate veil and permit the imposition of individual liability on owners for the obligations of their corporations in order to avoid fraud or injustice (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). A party seeking to pierce the corporate veil must establish that (1) the owners exercised complete domination of the corporation with respect to the transaction at issue, and (2) such domination was used to commit a fraud or wrong against the party seeking to pierce the corporate veil which resulted in the injury to that party (*see id.* at 141; *Campone v Pisciotta Servs., Inc.*, 87 AD3d 1104, 1105 [2011]). The decision whether to pierce the corporate veil in a given instance will depend on the circumstances of the case (*see Weinstein v Willow Lake Corp.*, 262 AD2d 634, 635 [1999]).

Here, the petitioners demonstrated their prima facie entitlement to judgment as a matter of law on so much of the petition as sought to pierce Diontech's corporate veil by submitting evidence showing, inter alia, that the appellants dominated Diontech, that Diontech did not adhere to any corporate formalities such as holding regular meetings and maintaining corporate records and minutes, that the appellants used corporate funds for personal purposes, and that the appellants stripped Diontech of assets as they wound down the business, leaving it without sufficient funds to pay its creditors, including the petitioners (*see Ventresca Realty Corp. v Houlihan*, 41 AD3d 707 [2007]; *Godwin Realty Assoc. v CATV Enters.*, 275 AD2d 269, 270 [2000]; *Austin Powder Co. v McCullough*, 216 AD2d 825, 827-828 [1995]). In opposition, the appellants failed to raise a triable issue of fact. The appellants' self-serving affidavits, which contradicted their prior deposition testimony, were insufficient to defeat summary judgment (*see Perez v Bronx Park S. Assoc.*, 285 AD2d 402, 404 [2001]; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318 [2000]). As to their cross motion, the appellants failed to demonstrate their prima facie entitlement to judgment as a matter of law.

Accordingly, the Supreme Court correctly granted that branch of the petitioners' motion which was for summary judgment on so much of the petition as sought to enforce the judgments against the appellants personally by piercing the corporate veil of Diontech and denied the appellants' cross motion for summary judgment dismissing the petition insofar as

asserted against them. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.