Town-Line Car Wash, Inc. v Don's Kleen Mach. Kar Wash, Inc. (2019 NY Slip Op 01443)





Town-Line Car Wash, Inc. v Don's Kleen Mach. Kar Wash, Inc.


2019 NY Slip Op 01443


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-12041
 (Index No. 3526/12)

[*1]Town-Line Car Wash, Inc., appellant,
v
Don's Kleen Machine Kar Wash, Inc., et al., defendants, Barry Brookstein, respondent.


Jason L. Abelove, Garden City, NY, for appellant.
Albert Kostrinsky, Great Neck, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered October 21, 2016. The order granted the motion of the defendant Barry Brookstein for summary judgment dismissing the complaint insofar as asserted against him, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action to pierce the corporate veil insofar as asserted against the defendant Barry Brookstein.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Barry Brookstein for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff, Town-Line Car Wash, Inc. (hereinafter Town-Line), purchased a car wash business from the corporate defendant, Don's Kleen Machine Car Wash, Inc. (hereinafter DKM), of which the defendant Barry Brookstein was the sole shareholder. In this action, inter alia, to recover damages for breach of certain warranties contained in the contract of sale, Town-Line seeks to pierce the corporate veil to hold Brookstein liable for DKM's alleged obligation to Town-Line. In the order appealed from, the Supreme Court granted Brookstein's motion for summary judgment dismissing the complaint insofar as asserted against him, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action to pierce the corporate veil insofar as asserted against Brookstein. Town-Line appeals.
"The general rule, of course, is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability (see Bartle v Home Owners Coop., 309 NY 103, 106 [1955]; Seuter v Lieberman, 229 AD2d 386, 387 [1996]). The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on owners for the obligations of their corporation (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141 [1993]). A plaintiff seeking to pierce the corporate veil [*2]must demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over [the corporation] in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff (id. [at 140-141]; see Love v Rebecca Dev., Inc., 56 AD3d 733 [2008]; Millennium Constr., LLC v Loupolover, 44 AD3d 1016 [2007])" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 126, affd 16 NY3d 775; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47).
A plaintiff seeking to pierce the corporate veil bears a heavy burden (see ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 235). "Veil-piercing is a fact-laden claim that is not well suited for summary judgment resolution" (First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 294).
Here, Brookstein did not establish his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. It is undisputed that Brookstein dissolved DKM without making any reserves for contingent liabilities, despite the existence of a provision in the contract of sale pursuant to which DKM agreed to indemnify Town-Line for any breach of warranty for a period of 7½ years after the closing of the sale. This factor was sufficient to raise a triable issue of fact as to whether Brookstein stripped the corporation of assets, leaving DKM without sufficient funds to pay its contractual contingent liabilities (see Matter of Agai v Diontech Consulting, Inc., 138 AD3d 736, 737; cf. Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407-408). Accordingly, the Supreme Court should have denied Brookstein's motion for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court's denial of Town-Line's cross motion for summary judgment on the issue of liability on its cause of action to pierce the corporate veil insofar as asserted against Brookstein and to thereby hold Brookstein liable for DKM's alleged breach of contract. Triable issues of fact exist as to whether Brookstein exercised complete domination of DKM in the transaction at issue and whether he abused the corporate form to commit a wrong or fraud causing injury to Town-Line (see James v Loran Realty v Corp., 20 NY3d 918, 919; Open Door Foods, LLC v Pasta Machs., Inc., 136 AD3d 1002, 1005).
BALKIN, J.P., COHEN and MILLER, JJ., concur.
CHAMBERS, J., concurs in part and dissents in part, and votes to affirm the order, with the following memorandum:
I would affirm the Supreme Court's order. Therefore, I respectfully dissent in part.
In March 2004, the plaintiff, Town-Line Car Wash, Inc. (hereinafter Town-Line), entered into an agreement with the defendant Don's Kleen Machine Kar Wash, Inc. (hereinafter DKM), to purchase all or substantially all of DKM's assets. At the time, DKM's business consisted of "operating a car wash and automobile detailing business located at 762 Smithtown Bypass, Smithtown, New York, and no other business." The purchase price included a down payment of $200,000, a cash payment of $1,100,000 at the time of closing, and a note in the principal amount of $1,200,000, payable by Town-Line over a period of 180 months in equal monthly installments of $10,785.94. Town-Line reserved the right to prepay the note at any time without penalty.
The agreement also included a comprehensive indemnity provision for any claim made within 7½ years after the closing and arising out of or in connection with, inter alia, the breach, or inaccuracy, of any of DKM's representations or warranties. The indemnity was payable by DKM, and was not personally guaranteed by the company's principals, the defendants Donald Berman and Barry Brookstein.
As explained in the affidavit of Town-Line's transactional attorney, Ronald G. [*3]Goldman, in support of Town-Line's cross motion, the agreement was extensively negotiated, and Town-Line initially wanted the indemnity period to be 15 years, to coincide with the term of the installment note. After considerable negotiation, the parties "agreed to meet in the middle," settling on a 7½-year indemnity period.
On December 20, 2007, more than three years after the closing, Town-Line exercised its right to prepay the installment note in full. On April 23, 2008, Brookstein caused DKM to be dissolved.
On or about September 15, 2011—nearly seven years after the closing—Town-Line's attorney first notified DKM of an alleged breach of DKM's representations and warranties under the agreement, further observing that since DKM had since been dissolved, "Town-Line holds [Brookstein] and [Berman] jointly and severally responsible for the obligations of [DKM] under the Agreement."
Town-Line subsequently commenced this action in March 2012 against DKM, Brookstein, and Berman, asserting causes of action against all defendants based on fraud, breach of contract, and unjust enrichment, and asserting a further cause of action against Brookstein and Berman predicated on piercing the corporate veil. Following discovery, Brookstein moved for summary judgment dismissing the complaint insofar as asserted against him. Town-Line opposed the motion and cross-moved, inter alia, for summary judgment on the issue of liability on the cause of action to pierce the corporate veil insofar as asserted against Brookstein. The Supreme Court granted Brookstein's motion and denied Town-Line's cross motion.
While I agree with my colleagues in the majority that the Supreme Court properly denied Town-Line's cross motion, I respectfully disagree that the court should have denied Brookstein's motion.
Under the facts presented, Town-Line is improperly invoking the equitable doctrine of piercing the corporate veil in order to secure a personal guarantee from Brookstein—a contractual benefit that Town-Line omitted, or was unable, to negotiate when it purchased DKM's assets in 2004.
As a threshold matter, Town-Line fails to acknowledge the obvious fact that by purchasing all or substantially all of DKM's assets in 2004, DKM would be left with no source of revenue going forward—thereby presenting a very real risk that DKM might not be able to pay indemnification claims made some 7½ years later. From a transactional standpoint, such contingencies can effectively be managed in a number of ways, including through personal guarantees, or by holding back part of the purchase price. Here, Town-Line chose to protect itself by retaining part of the purchase price and repaying it gradually over a term exceeding the indemnification period. However, in 2007, Town-Line elected to prepay the note in full, in effect giving up the only security it had for the payment by DKM of any future claim during the remainder of the indemnity period.
With this important background in mind, I turn to Town-Line's theory that Brookstein abused the corporate form by causing DKM to be dissolved in 2008, after the note was repaid in full, and without making adequate reserves to cover potential indemnification claims arising during the final years of the indemnification period. On the facts presented, I find that Town-Line's theory lacks merit.
To be sure, in order to assert a contractual indemnification claim against DKM, Town-Line need only show that DKM breached one or more of its representations and warranties, and that Town-Line incurred losses as a result. However, in order to recover against Brookstein under a veil-piercing theory, Town-Line would need to show, inter alia, that Brookstein committed a fraud or wrong against Town-Line (see Aetna Elec. Distrib. Co. v Homestead Elec., 279 AD2d 541, 541). Indeed, "a simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil" (Bonacasa Realty Co., LLC v Salvatore, 109 AD3d [*4]946, 947).
Here, Brookstein established, prima facie, that he had no involvement in the day-to-day operations of DKM and no personal knowledge of the operative facts underlying Town-Line's indemnification claims against DKM. Moreover, Brookstein's counsel submitted evidence—discovered during the deposition of Town-Line's president, Alan Fleisher—showing that Town-Line had conducted due diligence prior to the 2004 sale, including a review of files of the Town of Smithtown building department, which are directly relevant to Town-Line's indemnification claims. In opposition, Town-Line made no attempt to refute Brookstein's factual showing. Rather, Town-Line took the position that it was entitled to contractual indemnification from DKM regardless of what Town-Line may or may not have known at the time of the sale, and that Brookstein, regardless of his own state of mind, must be held liable simply because he caused the company to be dissolved before the end of the contractual indemnification period.
While this Court has previously held that the assets of a corporation constitute a trust fund for the benefit of corporate creditors, and that a transfer of all the assets of a corporation to its sole shareholder "may be set aside when made in derogation of the rights of creditors" (Julien J. Studley, Inc. v Lefrak, 66 AD2d 208, 213, affd 48 NY2d 954), this is not the same as purporting to hold a shareholder personally liable for the corporation's debts under a veil-piercing theory—which is the gravamen of the cause of action asserted by Town-Line against Brookstein in this action. Since Town-Line's opposition, in my view, falls short of raising a triable issue of fact as to whether Brookstein's actions amounted to a fraud or wrong warranting the piercing of the corporate veil, I would affirm the order appealed from.
ENTER:
Aprilanne Agostino
Clerk of the Court