Singh v Nadlan, LLC (2019 NY Slip Op 03100)





Singh v Nadlan, LLC


2019 NY Slip Op 03100


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-01118
 (Index No. 504000/16)

[*1]Satroohan Singh, et al., respondents,
v
Nadlan, LLC, et al., appellants.


Zelenitz, Shapiro & D'Agostino, P.C., Briarwood, NY (Zachary Karram of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Barry Semel-Weinstein of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 3, 2018. The order, insofar as appealed from, granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Yakov Zeev Albaliya.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Yakov Zeev Albaliya is denied.
On June 5, 2014, the plaintiff Satroohan Singh (hereinafter the injured plaintiff) was employed by nonparty R & D General Construction, Inc., which had been hired by the defendant Nadlan, LLC (hereinafter Nadlan), to perform renovation work at a two-family residential dwelling located in Queens. The subject premises is owned by Nadlan, and the defendant Yakov Zeev Albaliya is one of the members of Nadlan.
The injured plaintiff allegedly sustained injuries on June 5, 2014, when the A-frame ladder upon which he was working "suddenly and without warning shifted and slipped," causing him to fall seven feet to the ground. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendants, alleging violations of Labor Law §§ 200, 240(1), and 241(6).
Prior to the completion of discovery, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Albaliya. The plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order dated January 3, 2018, the Supreme Court denied the defendants' motion, and granted the plaintiffs' cross motion. The defendants appeal from so much of the order as granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Albaliya.
As a limited liability company, Nadlan is a separate legal entity from its members (see Limited Liability Company Law § 609). "A member of a limited liability company cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof'" (Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 682, quoting Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1074; see Limited Liability Company Law §§ 609, 610).
"However, a party may seek to hold a member of an LLC individually liable despite this statutory proscription by application of the doctrine of piercing the corporate veil" (Grammas v Lockwood Assoc., LLC, 95 AD3d at 1074-1075; see Matias v Mondo Props. LLC, 43 AD3d 367, 368; Retropolis, Inc. v 14th St. Dev. LLC, 17 AD3d 209, 210). "Generally, . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141; see Matter of Agai v Diontech Consulting, Inc., 138 AD3d 736, 737; Campone v Pisciotta Servs., Inc., 87 AD3d 1104, 1105).
Here, the plaintiffs failed to establish, prima facie, their entitlement to judgment as a matter of law against Albaliya. The plaintiffs submitted no evidence to warrant piercing Nadlan's corporate veil in order to hold Albaliya personally liable for the injured plaintiff's injuries. Rather, the plaintiffs relied solely upon the allegations set forth in their complaint.
Accordingly, the Supreme Court should have denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Albaliya.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court