Sampaiolopes v Lopes (2019 NY Slip Op 03835)





Sampaiolopes v Lopes


2019 NY Slip Op 03835


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-06681
2019-00735
 (Index No. 14931/12)

[*1]Arlene Sampaiolopes, appellant, 
v
Clotilde Lopes, respondent (and third-party actions).


Bongiorno Law Firm (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 5, 2018, and (2) a judgment of the same court dated May 8, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly; and it further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On the evening of January 3, 2010, the plaintiff allegedly slipped and fell on ice on the exterior front steps of a two-family house in Nassau County. The plaintiff leased the ground floor unit of the house, and the defendant, the plaintiff's mother, leased the upper floor of the house from the property owner. Neither the plaintiff nor the defendant had a written lease. The defendant testified at her deposition that she had an oral agreement with the property owner obligating her to maintain the entire premises and to remove all snow and ice from the property, including the front steps. She further testified that water frequently dripped from a leaky gutter and created an icy condition on the steps, a condition which she attempted to address.
The plaintiff subsequently commenced this personal injury action against the defendant, and the defendant moved for summary judgment dismissing the complaint, contending that she did not owe the plaintiff a duty of care. The Supreme Court granted the motion, and the plaintiff appeals.
"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citations and internal quotation marks omitted]).
Here, the defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that she did not owe a duty of care to the plaintiff, since the plaintiff was not a party to the oral agreement between the defendant and the property owner (see Leibovici v Imperial Parking Mgt. Corp., 139 AD3d 909, 910; Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d 955, 956). Since the plaintiff did not allege facts in her pleadings that would establish the possible applicability of any of the Espinal exceptions, the defendant, in demonstrating her prima facie entitlement to judgment as a matter of law, was not required to affirmatively establish that these exceptions did not apply (see Hsu v City of New York, 145 AD3d 759, 760; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214).
However, in opposition to the defendant's prima facie showing, the plaintiff raised a triable issue of fact as to whether the defendant's oral agreement with the property owner regarding maintenance was comprehensive and exclusive so as to entirely displace the property owner's duty to maintain, inter alia, the exterior front steps and the gutter (see Hsu v City of New York, 145 AD3d at 760-761; see generally Sarisohn v Plaza Realty Servs., Inc., 109 AD3d 654, 655; Riley v ISS Intl. Serv. Sys., 5 AD3d 754, 757). Additionally, the plaintiff raised a triable issue of fact as to whether the defendant had actual notice of an alleged recurrent dangerous condition regarding ice formation on the steps due to the leaky gutter, and was thus chargeable with constructive notice of each specific occurrence of the condition (see Campone v Pisciotta Servs., Inc., 87 AD3d 1104, 1105; Schmidt v DiPerno, 25 AD3d 545, 546; Mondello v DiStefano, 16 AD3d 637, 639).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court