Matter of Moshell v Alter (2020 NY Slip Op 04558)





Matter of Moshell v Alter


2020 NY Slip Op 04558


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-05080
2018-08899
 (Index No. 609595/17)

[*1]In the Matter of Yuri Moshell, et al., respondents,
v
Martine Alter, et al., appellants.


Arnold S. Kronick, White Plains, NY, for appellants.
Gleich, Farkas & Emouna, LLP, Great Neck, NY (Lawrence W. Farkas of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 52, inter alia, to enforce two judgments, Martine Alter and Viable Holdings, Inc., doing business as Moving Maven of NY, Inc., appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated April 20, 2018, and a judgment of the same court entered May 21, 2018. The judgment, after a nonjury trial, and upon the order, granted the petition and determined that the petitioners were entitled to enforce a judgment entered against Moving Maven of NY, Inc., on May 17, 2012, and a judgment entered against Martine Alter on July 5, 2017, against Viable Holdings, Inc., doing business as Moving Maven of NY, Inc., by reverse piercing the corporate veil of Viable Holdings, Inc., doing business as Moving Maven of NY, Inc.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioners.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The petitioners commenced this proceeding to enforce a judgment entered against Moving Maven of NY, Inc., on May 17, 2012, and a judgment entered against the respondent Martine Alter on July 5, 2017, against the respondent Viable Holdings, Inc., doing business as Moving Maven of NY, Inc. (hereinafter Viable), by reverse piercing the corporate veil of Viable. After a nonjury trial, the Supreme Court determined that there was sufficient evidence to conclude that the separate existence of the corporate entities owned by Alter should be disregarded such that the petitioners were entitled to enforce the two judgments against Viable. These appeals ensued.
"Piercing the corporate veil is an equitable concept that allows a creditor to disregard [*2]a corporation and hold its controlling shareholders personally liable for the corporate debt. Reverse-piercing flows in the opposite direction and makes the corporation liable for the debt of the shareholders" (Sweeney, Cohn, Stahl & Vaccaro v Kane, 6 AD3d 72, 75). Here, the evidence showed that there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use such that the corporate veil of Viable could be pierced and the judgments enforced against it (see Matter of Agai v Diontech Consulting, Inc., 138 AD3d 736, 737; cf. John John, LLC v Exit 63 Dev., LLC, 35 AD3d 540, 541).
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court