■ GODWIN REALTY ASSOCIATES, on Behalf of Itself and All Others Similarly Situated, Respondent, v CATV ENTERPRISES, INC., Appellant. [712 NYS2d 39] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about August 26, 1999, which, to the extent appealed from as limited by the brief, granted plaintiff's motion for class certification, to amend the summons and complaint to add Group W Television, Inc. and Westinghouse Broadcasting Group, Inc. as defendants, and to further amend the summons and complaint to add Robert R. Granik, Trustee under the Last Will and Testament of Theodore Granik, as an additional party defendant, unanimously affirmed, without costs.

In this class action by building owners seeking to recover damages for alleged misappropriation and conversion of electricity and alleged physical damage to certain apartment buildings by the use, installation and removal of cable television equipment, the court properly exercised its discretion in granting class certification. Bearing in mind that CPLR article 9 is to be liberally construed to accommodate claims that would not be economically litigable except by means of a class action (*see, Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 21, 23-24), we conclude that plaintiff sufficiently demonstrated the numerosity of the proposed class, the predominance of common questions of law and fact among the claims of the proposed class members, the typicality of the claims of the proposed class representatives, and that a class action is the superior method

of adjudicating the above-described claims (*see*, CPLR 901; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 90-95). To the extent that there may be differences among the class members as to the degree in which they were damaged, the court may try the class aspects first and have the individual damage claims heard by a special master or create subclasses (*see*, *Weinberg v Hertz Corp.*, 116 AD2d 1, 6-7, *affd* 69 NY2d 979; *Sanders v Faraday Labs.*, 82 FRD 99, 101).

The motion court also properly pierced the corporate veil and allowed for amendment of the pleadings to add defendant's shareholders as party defendants since the evidence before the court demonstrated that defendant CATV had been treated as a shell corporation by its corporate and individual shareholders and that those shareholders had stripped CATV of its assets, leaving insufficient assets to cover the claimed damages (*see*, *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142). The stripping of corporate assets by shareholders to render the corporation judgment proof constitutes a fraud or wrong justifying piercing the corporate veil (*see*, *Matter of Holborn Oil Trading [Interpetrol Bermuda]*, 774 F Supp 840, 847). Although no action had been commenced at the time of liquidation, there was evidence that defendant was nonetheless on notice of the presently asserted claims by building owners with respect to building damage and unauthorized use of electricity.

We have reviewed defendant's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Rubin, Andrias and Buckley, JJ.