■ Carino Italian Style, S.R.L., et al., Respondents, v Steven Shammah, Appellant, et al., Defendants. [761 NYS2d 479] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered January 11, 2002, after a nonjury trial, awarding plaintiffs compensatory and punitive damages against defendant-appellant, unanimously modified, on the law, to the extent of eliminating the award of punitive damages, and otherwise affirmed, without costs. Appeal from the decision of the same court and Justice, entered October 12, 2001, unanimously dismissed, without costs.

The corporate veil was properly pierced upon a showing that defendant induced plaintiffs to make numerous deliveries of merchandise to his corporation, which he completely dominated, for which he did not intend to pay, and that in furtherance of this scheme defendant gave plaintiffs postdated corporate checks that he knew the corporation would not be able to cover because he intended to strip the corporation of its assets (*see Godwin Realty Assoc. v CATV Enters.*, 275 AD2d 269, 270 [2000]; *Hyland Meat Co. v Tsagarakis*, 202 AD2d 552 [1994]). In the latter regard, we take particular note of the unexplained loss of the corporation's inventory, the insurer's immediate rejection of the claim that defendant made on behalf of the corporation, and defendant's failure to explain why he did not sue the insurer although he represented to plaintiffs that the inventory loss was covered by insurance. This is not, however, a situation that warrants the imposition of punitive

damages (*see Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613 [1994]). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Gonzalez, JJ.