17-1504-cv
*Dafeng Hengwei Textile Co., Ltd. v. Liu, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April , two thousand eighteen.

PRESENT: RICHARD C. WESLEY,
  DENNY CHIN,
    *Circuit Judges*,
  DENISE COTE,
    *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DAFENG HENGWEI TEXTILE CO., LTD.,
  *Plaintiff-Counter-Defendant-Appellee*,

  v.                                          17-1504-cv

DAVID LIU, AKA DAVID Z. LIU, AKA ZUOWEI LIU,
ACECO, INC., CHANG-ZHU YU, individually and as
agents of ACECO INDUSTRIAL & COMMERCIAL
CORPORATION AND ACECO, INC., AKA CEE CEE YU,

---

* Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

ACECO INDUSTRIAL and COMMERCIAL
CORPORATION,

          *Defendants-Counter-Claimants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLEE:

        Bing Li, Law Offices of Bing Li, LLC,
New York, New York.

FOR DEFENDANTS-COUNTER-
CLAIMANTS-APPELLANTS:

        Jonathan S. Gould, Law Office
of Jonathan S. Gould, New York, New York.

Appeal from the United States District Court for the Eastern District of
New York (Kuo, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the amended judgment of the district court is

**AFFIRMED**.

Defendants-counter-claimants-appellants David Z. Liu, Chang-Zhu Yu,
Aceco Industrial & Commercial Corporation ("AIC"), and Aceco, Inc. ("Aceco") appeal
from an amended judgment entered April 13, 2017 awarding plaintiff-counter-
defendant-appellee Dafeng Hengwei Textile Co., Ltd. ("Dafeng") damages of
$2,630,263.89. Defendants challenge the district court's ruling, set forth in its opinion
and order entered March 30, 2017, that Dafeng could pierce the corporate veil and
recover from the individual defendants personally on its breach of contract claim. We
assume the parties' familiarity with the underlying facts, procedural history, and issues
on appeal.

2

From 2009 to 2013, Dafeng, an enterprise based in China, sold bedsheets to Aceco, a company based in the United States, which then supplied the products to American retailers. Beginning in 2012, Aceco failed to pay Dafeng for 57 invoices. Dafeng brought suit in October 2013 asserting a breach of contract claim against Aceco and AIC and against Liu and Yu as officers, directors, and shareholders of Aceco. The parties both moved for summary judgment. The district court (Brodie, *J.*) denied defendants' motion, dismissed defendants' counterclaims, and granted Dafeng's motion with regard to the breach of contract claim. The district court, however, denied Dafeng's motion for summary judgment as to the question of piercing the corporate veil.

On the question of veil piercing, the parties consented to the jurisdiction of the magistrate judge (Kuo, *M.J.*) and a bench trial was held on June 13, 14, and 15, 2016. The sole issue at trial was whether Dafeng could pierce the corporate veil to collect the breach of contract judgment directly from Liu and Yu. The district court, concluding that Liu and Yu completely dominated Aceco and used that domination to avoid paying Dafeng, held that Dafeng could pierce the corporate veil to recover the underlying judgment. Defendants appeal.

"On appeal from a judgment after a bench trial, we review the district court's finding[s] of fact for clear error and its conclusions of law *de novo*. Mixed questions of law and fact are also reviewed *de novo*." *Kreisler v. Second Ave. Diner Corp.*,

3

731 F.3d 184, 187 n.2 (2d Cir. 2013) (per curiam) (quoting *Roberts v. Royal Atl. Corp.*, 542

F.3d 363, 367 (2d Cir. 2008)). Evidentiary rulings are reviewed for abuse of discretion.

*New York State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 221 (2d Cir. 2014).

On appeal defendants argue primarily that (i) the district court erred in

allowing Dafeng to pierce the corporate veil because it relied on evidence of

transactions that predated the failure to pay Dafeng for the 57 invoices, and (ii) the

district court was prejudiced against Liu and Yu.[1] We conclude that defendants' appeal

is without merit and affirm substantially for the reasons set forth by the district court in

its thorough and well-reasoned decision.

A party seeking to pierce the corporate veil in New York must generally

show that: (1) the owners of the corporation exercised complete domination over the

corporation with respect to the transaction at issue, and (2) the domination was used to

commit a fraud or wrong that injured the party seeking veil piercing. *MAG Portfolio*

*Consult, GMBH v. Merlin Biomed Grp. LLC,* 268 F.3d 58, 63 (2d Cir. 2001). Whether the

owners of a corporation completely dominated it is a fact-specific inquiry dependent on

many factors. *Id.* "[T]he diversion of funds to make a corporation judgment-proof

constitutes a wrong for the purposes of determining whether the corporate veil should

---

[1] Defendants also briefly take issue with several of the district court's factual findings -- second guessing the district court's judgment. The weighing of evidence and credibility determinations are left to the trier of fact and it is not for this court to choose between competing acceptable inferences. *See United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010). Here, the factual findings of the district court were not clearly erroneous. *See New York State Elec. & Gas Corp.*, 766 F.3d at 240.

be pierced." *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 871 F. Supp. 2d 103, 127 (E.D.N.Y. 2012) (quoting *Fed. Nat'l Mortg. Ass'n v. Olympia Mortg. Corp.*, 724 F. Supp. 2d 308, 320 (E.D.N.Y. 2010)).

Liu and Yu, the only shareholders of Aceco, were also respectively the company's president and vice-president. Additionally, there was a marked lack of corporate formality and Aceco guaranteed the debts of Liu and Yu's other ventures. Moreover, Liu and Yu prevented Aceco from paying Dafeng's debt while continuing to pay off their personal loans, giving their friends and family money, and paying their associates' salaries even though they no longer worked at Aceco. This abuse of the corporate form supports a finding that the piercing of the corporate veil was appropriate. *Godwin Realty Assocs. v. CATV Enters., Inc.*, 712 N.Y.S. 2d 39, 41 (1st Dep't 2000) ("The stripping of corporate assets by shareholders to render the corporation judgment proof constitutes a fraud or wrong justifying piercing the corporate veil.").[2]

Defendants argue that the district court erred by considering evidence of events preceding Aceco's refusal to pay Dafeng, a contention they failed to raise below. The challenged evidence, however, was relevant as it demonstrated defendants' history of control over the corporate form, corporate practices, and motivations. The district court did not abuse its discretion in admitting the evidence. *New York State Elec. & Gas*

---

[2] Defendants also suggest that the district court erred in concluding that Aceco was inadequately capitalized. This factual finding was not clearly erroneous. *See New York State Elec. & Gas Corp.*, 766 F.3d at 240.

5

*Corp.*, 766 F.3d at 221.  Defendants also suggest that the district court was prejudiced against them.  This claim is unsubstantiated.  There is nothing in the record to suggest that the magistrate judge ruled based on anything other than her reasoned interpretation of the evidence before her.  *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

We have considered all of defendants' remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk