Stafford v A&E Real Estate Holdings, LLC (2025 NY Slip Op 03986)

Stafford v A&E Real Estate Holdings, LLC

2025 NY Slip Op 03986

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Rodriguez, Rosado, JJ. 

Index No. 655500/16|Appeal No. 4677|Case No. 2025-01321|

[*1]John Stafford, et al., Plaintiffs-Appellants,
v
A&E Real Estate Holdings, LLC, et al., Defendants-Respondents.

Newman Ferrara LLP, New York (Lucas A. Ferrara of counsel), for appellants.
Hogan Lovells US LLP, New York (James L. Bernard of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered February 27, 2025, which denied plaintiffs' motion pursuant to CPLR 901 for class certification, unanimously reversed, on the law and in the exercise of discretion, with costs, the motion granted, and the matter remanded for further proceedings.
Plaintiffs are 68 current and former tenants of the 22 buildings purchased between 2012 through 2015 by single-purpose LLCs controlled by defendant A&E Real Estate Holdings, LLC and managed by defendant A&E Real Estate Management. Plaintiffs seek the certification of an "issue class" under CPLR 906 on the question of whether defendants "engaged in a methodical attempt to illegally inflate rents." Supreme Court's emphasis on practicality overshadowed its analysis of the CPLR 901 and 902 elements and failed to afford plaintiffs the requisite liberal construction. In Maddicks v Big City Props., LLC (34 NY3d 116 [2019]), the Court of Appeals expressly rejected the argument that an issue class would not be able to resolve questions of liability and damages when it found that "the complaint addresses harm effectuated through a variety of approaches but within a common systematic plan" and, therefore, dismissal potentially could "reward bad actors who execute a common method to damage in slightly different ways" (id. at 124-125).
Here, the proposed issue class would largely resolve the question of liability as to each class member, leaving only damages to be calculated, and should have been granted (see Maddicks, 34 NY3d at 127; see also Godwin Realty Assoc. v CATV Enters., 275 AD2d 269, 270 [1st Dept 2000]). A class action would achieve the economies of time, effort and expense, and "the relatively insignificant amount of damages suffered by many members of the class makes individual actions cost prohibitive, and the large number of class members renders consolidation unworkable"; therefore, "a class action is not only superior but, indeed, the only practical method of adjudication" (Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 24 [1st Dept 1991]). Plaintiffs have identified approximately 551 apartments within the proposed class whose claims might have otherwise escaped redress but they maintain are timely because they relate to deregulation, which may be challenged at any time (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [1st Dept 2011], appeal withdrawn 18 NY3d 954 [2012]). The apartments within the proposed class were alleged to be subjected to excessive rent increases following individual apartment improvements (IAIs) within the four-year lookback period, or improperly used preferential rents, which permits a review of the full rent history (see 9 NYCRR § 2521.2[c] [Rent Stabilization Code]). That the class definition potentially includes uninjured members is no basis for defeating certification, as the matter can be addressed upon remand (see e.g. In re Nexium Antitrust Litigation, 777 F3d 9, 21-22 [1st Cir 2015]).
Defendants' reliance [*2]on the fact that some of the claims relate to IAI work performed by their predecessors is unavailing, as it has no bearing on their obligation to retain proof of IAIs to support an apartment's deregulation or their potential liability if plaintiffs establish that an apartment was improperly deregulated in this manner (see Nadler v Carmine Ltd., 231 AD3d 485, 486 [1st Dept 2024]; see also 9 NYCRR 2526.1[f][2]). It also does nothing to diminish the common thread among the hundreds of apartments that purportedly were improperly deregulated to the extent plaintiffs establish "harm effectuated through a variety of approaches but within a common systematic plan" to evade the rent laws (Maddicks, 34 NY3d at 125).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025