■ GIARGUARO S.P.A. et al., Appellants, v AMKO INTERNATIONAL TRADING, INC., et al., Defendants, and JOSEPH AMIGLIO, Respondent. [751 NYS2d 772] —In an action to recover damages for goods sold and delivered, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated November 13, 2001, which granted the motion of the defendant Joseph Amiglio for summary judgment dismissing the complaint insofar as asserted against him and denied as academic their cross motion for leave to amend the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied without prejudice to renewal upon the completion of disclosure with respect to the new allegations

contained in the amended complaint, the cross motion is granted, and the amended complaint which was attached to the notice of cross motion is deemed served; and it is further,

Ordered that the defendants' time to serve an amended answer is enlarged until 20 days after service upon them of a copy of this decision and order.

Under CPLR 3212 (f), a court may deny a motion for summary judgment if it appears that "facts essential to justify opposition may exist but cannot then be stated." A decision to pierce the corporate veil is a fact-laden decision (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141), that is not well-suited for summary judgment resolution (see Forum Ins. Co. v Texarkoma Transp. Co., 229 AD2d 341, 342). Under the circumstances of this case, the plaintiffs are entitled to obtain necessary discovery to ascertain whether there are grounds to pierce the corporate veil (see Aubrey Equities v SMZH 73rd Assoc., 212 AD2d 397, 398), particularly since the defendant Joseph Amiglio's document production was deficient. Amiglio should not receive a benefit by having the complaint dismissed insofar as asserted against him for lack of evidence based upon his failure to comply with written discovery demands. The plaintiffs have pointed to specific documentary discovery which was requested and not provided by which they sought to establish their right to pierce the corporate veil. (We note that on this appeal we do not have before us the issue of the scope of discovery that should be permitted.) Accordingly, Amiglio's motion for summary judgment should have been denied without prejudice to renewal upon the completion of disclosure (see First Bank of Ams. v Motor Car Funding, 257 AD2d 287).

Moreover, the plaintiffs' proposed amended complaint was not plainly devoid of merit, and Amiglio failed to allege that he would be prejudiced by the amendment (see CPLR 3025 [b]; McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757; Monello v Sottile, Megna, 281 AD2d 463, 464). Therefore, the plaintiffs' cross motion to amend the complaint is granted and the amended pleading which was attached to the notice of cross motion is deemed served. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.