■ ALLIED GROUP, INC., Appellant, v DAVID C. LEVINE et al., Respondents. [756 NYS2d 862] —In an action to recover damages for a fraudulent conveyance, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), entered February 15, 2002, which, upon converting the defendants' motion pursuant to CPLR 3211 (a) (7) to one for summary judgment, granted the defendants summary judgment dismissing the complaint and denied the plaintiff's cross motion to compel discovery.

Ordered that the order is affirmed, with costs.

The defendants established their entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiff to submit admissible evidence raising a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). In opposition to the motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the bi-weekly transfers of money to the defendants David Levine and Bruce Carlton by the defendant MyBrowzer.com, Inc., pursuant to their respective written employment contracts, lacked fair consideration or were made with actual intent to hinder, delay, or defraud the plaintiff (*see* Debtor and Creditor Law §§ 273, 276; *Winegrad v New York Univ. Med. Ctr., supra; Cilco Cement Corp. v White,* 55 AD2d 668 [1976]). Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.