■ In the Matter of GEORGE EDRICH, Appellant, v MMAL CORP. et al., Respondents. [23 NYS3d 264]—

In a turnover proceeding pursuant to CPLR 5225 (b), the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), entered December 18, 2013, as denied that branch of his motion which was to strike the respondents' answers pursuant to CPLR 3126, granted that branch of the motion of the respondent Samuel Festinger which was for summary judgment dismissing the petition insofar as asserted against him and, upon searching the record, awarded summary judgment to the respondent MMAL Corp. dismissing the petition insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The petitioner is the assignee of a judgment entered against Samuel Festinger. The petitioner commenced this proceeding against MMAL Corp. (hereinafter MMAL) and Festinger seeking to compel them to satisfy the judgment by turning over a note secured by a mortgage encumbering certain real property. The Supreme Court, inter alia, denied that branch of the petitioner's motion which was to strike the respondents' answers pursuant to CPLR 3126, granted that branch of Festinger's motion which was for summary judgment dismissing the petition insofar as asserted against him and, upon searching the record, awarded summary judgment to MMAL dismissing the petition insofar as asserted against it.

The petitioner contends that the Supreme Court improperly denied that branch of his motion which was to strike the respective answers of MMAL and Festinger pursuant to CPLR 3126. This contention is without merit, since there was no clear showing that the purported failure of MMAL and Festinger to comply with discovery demands was willful or contumacious (*see Dutchess Truck Repair, Inc. v Boyce*, 120

AD3d 543 [2014]; *Perla v Daytree Custom Bldrs., Inc.,* 119 AD3d 758 [2014]).

The petitioner further contends that the Supreme Court improperly granted that branch of Festinger's motion which was for summary judgment dismissing the petition insofar as asserted against him and, upon searching the record, awarded summary judgment to MMAL dismissing the petition insofar as asserted against it. The petitioner argues that Festinger controls MMAL, and seeks a "reverse piercing" of the corporate veil in order to apply the note and mortgage held by MMAL to satisfy a judgment against Festinger (*see Sweeney, Cohn, Stahl & Vaccaro v Kane,* 6 AD3d 72 [2004]). Equity will intervene to "pierce the corporate veil" and permit the assertion of claims against the individuals who control the corporation in order to avoid fraud or injustice (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 140-141 [1993]). A party seeking to pierce the corporate veil must establish that (1) the owners exercised complete domination of the corporation with respect to the transaction attacked, and (2) such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141 [1993]; *Old Republic Natl. Tit. Ins. Co. v Moskowitz,* 297 AD2d 724, 725 [2002]; *Hyland Meat Co. v Tsagarakis,* 202 AD2d 552, 552 [1994]). The decision whether to pierce the corporate veil in a given instance will depend on the facts and circumstances of the case (*see Weinstein v Willow Lake Corp.,* 262 AD2d 634, 635 [1999]).

Here, Festinger established his prima facie entitlement to judgment as a matter of law dismissing the petition insofar as asserted against him on the ground that he did not exercise control or dominion over MMAL by submitting (1) MMAL's certificate of incorporation, (2) the resolution of the board of directors of MMAL dated August 15, 2005, which identifies a person who is not Festinger as holding all of the board offices, with no mention of Festinger, and (3) Festinger's affidavit, in which he attests that MMAL is not his alter ego. In opposition, the petitioner failed to raise a triable issue of fact as to whether MMAL is Festinger's alter ego and, therefore, whether MMAL's note and mortgage can be used to satisfy the petitioner's judgment against Festinger, under a reverse piercing of the corporate veil theory. Accordingly, the Supreme Court correctly granted that branch of Festinger's motion which was for summary judgment dismissing the petition insofar as asserted against him and, upon searching the record, awarded sum-

mary judgment to MMAL as well. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.