■ OPEN DOOR FOODS, LLC, Respondent, v PASTA MACHINES, INC., et al., Appellants. [25 NYS3d 357]—

In an action, inter alia, to recover damages for breach of contract, the defendant Michael S. Wilson appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 14, 2014, as, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract insofar as asserted against him, and denied the defendants' cross motion for summary judgment dismissing the causes of action alleging breach of contract and fraud insofar as asserted against him, and the defendants Pasta Machines, Inc., and Phase II Pasta Machines, Inc., also appeal from the order.

Ordered that the appeal by the defendants Pasta Machines, Inc., and Phase II Pasta Machines, Inc., from so much of the order as, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract insofar as asserted against the defendant Michael S. Wilson is dismissed, as those defendants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeal by the defendants Pasta Machines, Inc., and Phase II Pasta Machines, Inc., from so much of the order as denied the defendants' cross motion for summary judgment dismissing the causes of action alleging breach of contract and fraud insofar as asserted against the defendant Michael S. Wilson is dismissed as abandoned for failure to perfect the appeal in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c], [e]), without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Michael S. Wilson on the cause of action alleging breach of contract under the doctrine of piercing the corporate veil, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the defendant Michael S. Wilson, without costs or disbursements.

According to the allegations in the complaint, in early 2012, the plaintiff, Open Door Foods, LLC (hereinafter Open Door), entered into a contract with the defendant Pasta Machines, Inc. (hereinafter PMI), for the purchase of a refurbished pasta-making machine known as an AFP601 Pierogi Machine (hereinafter AFP601). PMI was the manufacturer of AFP601 machines. Through its owner, the defendant Michael S. Wilson, PMI agreed with Open Door that in exchange for $30,000, PMI would obtain a used AFP601 and refurbish it. PMI agreed that it would provide the same guarantee for the refurbished AFP601 as it provided for new AFP601's. Open Door made a $10,000 downpayment to PMI upon entering into the contract. Over the course of the following year, Open Door inquired numerous times about when the refurbished AFP601 would be delivered. In response, it received various excuses and assurances, but not the refurbished AFP601. In February 2013, PMI promised shipment of the refurbished AFP601 by February 15, 2013, and requested that Open Door forward payment of the remaining $20,000 of the contract price. In reliance upon that promise, Open Door paid the remaining $20,000. Open Door never received the AFP601.

Open Door commenced this action against, among others, PMI and Wilson individually. It alleged that PMI breached the contract and that Wilson was individually liable for PMI's breach under the doctrine of piercing the corporate veil. Open Door also asserted a cause of action directly against Wilson alleging fraud. Open Door sought damages for the payment of the $30,000 contract price, as well as lost profits. After discovery was completed, Open Door moved for summary judgment against the defendants. As relevant here, Open Door sought summary judgment against Wilson on the cause of action alleging breach of contract under the doctrine of piercing the corporate veil and on the cause of action alleging fraud. The defendants opposed that motion and cross-moved for summary judgment dismissing the cause of action alleging breach of contract against Wilson under the doctrine of piercing the corporate veil and on the cause of action alleging fraud. In the order appealed from, the Supreme Court, inter alia, granted that branch of Open Door's motion which was for summary judgment against Wilson on the cause of action alleging breach of contract under the doctrine of piercing the corporate veil, and it denied the cross motion. The defendants appeal.

A corporation has a separate legal identity from its owners, and, as a general matter, the owners are not personally liable for the obligations of the corporation (*see East Hampton Union*

*Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126 [2009], *affd* 16 NY3d 775 [2011]). There is no policy against incorporation for the express purpose of limiting the liability of the owners of a business (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d at 126). The long-standing doctrine of "piercing the corporate veil" is an equitable exception to this general rule. The doctrine permits, in some circumstances, the imposition of personal liability on owners for the obligations or wrongs of their corporation (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 140-141; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d at 126). "Piercing the corporate veil" is not a cause of action independent of the cause of action alleged against the corporation. Instead, "it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 141). The doctrine, as it has developed in New York, requires that the party seeking to invoke it "demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d at 126). Nonetheless, "[b]ecause a decision whether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities, the New York cases may not be reduced to definitive rules governing the varying circumstances when the power may be exercised" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 141; *see Cioffi v S.M. Foods, Inc.*, 129 AD3d 888, 894 [2015]).

Here, Open Door contends that the evidence submitted in support of its motion established the requisites to invoke the doctrine against Wilson. For example, Open Door contends that the evidence established that Wilson never intended that PMI fulfill its contract with Open Door. Additionally, Open Door contends that Wilson authorized an employee to make statements that Wilson knew were false in order to induce Open Door to make the remaining payment on the contract. However, to reach the conclusions urged by Open Door from the evidence submitted by it required the drawing of inferences. Other inferences, favorable to Wilson, could also have been drawn. There were issues of credibility as well. In

determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]). Thus, where conflicting inferences may be drawn, it must draw those most favorable to the nonmoving party (*see LeBlanc v Skinner*, 103 AD3d 202, 211-212 [2012]). The motion should not be granted when conflicting inferences may be drawn or where there are issues of credibility regarding material facts (*see McKenna v McKenna*, 121 AD3d 864, 865 [2014]). The evidence submitted by Open Door in seeking to hold Wilson individually liable for PMI's breach of its contract under the doctrine of piercing the corporate veil did not meet Open Door's burden of establishing its prima facie entitlement to judgment as a matter of law. Accordingly, that branch of Open Door's motion which was for summary judgment on that cause of action should have been denied without an evaluation of the evidence submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Kadashev v Medina*, 134 AD3d 767 [2015]; *Stelick v Gangl*, 47 AD2d 789, 789 [1975]).

The Supreme Court did not err in denying the defendants' cross motion. The defendants did not establish, prima facie, that there was no basis to pierce the corporate veil to hold Wilson liable for PMI's alleged breach of contract. Further, the defendants did not establish, prima facie, that there was no basis to hold Wilson directly liable to Open Door for alleged fraud on the ground that he knowingly made, or knowingly caused to be made, material misstatements of fact upon which Open Door reasonably relied to its injury (*see Tribune Print. Co. v 263 Ninth Ave. Realty*, 57 NY2d 1038, 1041 [1982]; *Vision Accomplished, Inc. v Lowe Props., LLC*, 131 AD3d 1163, 1164 [2015]; *Neckles Bldrs., Inc. v Turner*, 117 AD3d 923, 925-926 [2014]). There are triable issues of fact on that issue.

In sum, the Supreme Court should have denied that branch of Open Door's motion which was for summary judgment on the issue of Wilson's individual liability under the cause of action alleging breach of contract, but it correctly denied the defendants' cross motion for summary judgment dismissing that cause of action insofar as asserted against Wilson and the cause of action against Wilson alleging fraud. Dickerson, J.P., Hall, Roman and Duffy, JJ., concur.