Sterling Park Developers, LLC v China Perfect Constr. Corp. (2020 NY Slip Op 04340)





Sterling Park Developers, LLC v China Perfect Constr. Corp.


2020 NY Slip Op 04340


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08194
 (Index No. 506016/13)

[*1]Sterling Park Developers, LLC, appellant,
v
China Perfect Construction Corp., et al., respondents.


Peckar & Abramson, P.C., New York, NY (Melissa Salsano of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia, NY (Paul J. Felicione and Brian P. Callahan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 3, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Rushang Zhao and May Lu.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Rushang Zhao and May Lu are denied.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. The plaintiff alleged that it contracted with the defendant China Perfect Construction Corp. (hereinafter China Perfect) to perform certain construction work, and that China Perfect breached that contract by performing the work in a substandard manner. The plaintiff alleged that the defendants Rushang Zhao and May Lu (hereinafter together the individual defendants) exercised complete dominion and control over the operations of China Perfect and used such dominion and control to commit a fraud or wrong against the plaintiff. In this regard, the plaintiff alleged that the individual defendants created the defendant New Empire Builder Corp. (hereinafter New Empire) solely to avoid the debts and liabilities of China Perfect, and that they transferred the assets of China Perfect to New Empire in order to render China Perfect "judgment-proof."
The defendants moved for, among other relief, summary judgment dismissing the complaint insofar as asserted against the individual defendants. The defendants argued that "no evidence has been presented to support any action against the individual defendants" and, accordingly, the individual defendants could not be held personally liable for a breach of the contract between the plaintiff and China Perfect. The Supreme Court, inter alia, granted those branches of the defendants' motion, and the plaintiff appeals.
"The general rule . . . is that a corporation exists independently of its owners, who are [*2]not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 126, affd 16 NY3d 775; see Bartle v Home Owners Coop., 309 NY 103, 106; Town-Line Car Wash, Inc. v Don's Kleen Mach. Kar Wash, Inc., 169 AD3d 1084, 1085). "The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on owners for the obligations of their corporation" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d at 126; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141).
"Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [internal quotation marks omitted]). "Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (id. at 47 [internal quotation marks omitted]).
A plaintiff moving for summary judgment on a cause of action asserted in a complaint generally has the burden of establishing, prima facie, "all of the essential elements of the cause of action" (Nunez v Chase Manhattan Bank, 155 AD3d 641, 643; see Stukas v Streiter, 83 AD3d 18, 23). By contrast, a defendant moving for summary judgment dismissing one of the plaintiff's causes of action may generally sustain his or her prima facie burden "by negating a single essential element" of that cause of action (Nunez v Chase Manhattan Bank, 155 AD3d at 643; see Poon v Nisanov, 162 AD3d 804, 806). "It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof" (Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871; see Nill v Schneider, 173 AD3d 753, 755). To defeat summary judgment, the nonmoving party need only rebut the prima facie showing made by the moving party so as to demonstrate the existence of a triable issue of fact with respect to that issue (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d at 23-24).
Here, the defendants failed to affirmatively establish, prima facie, that the individual defendants did not exercise dominion and control over China Perfect to commit a wrong or injustice against the plaintiff, such that the doctrine of piercing the corporate veil is inapplicable (see Jaybar Realty Corp. v Armato, 175 AD3d 1391, 1394; Town-Line Car Wash, Inc. v Don's Kleen Mach. Kar Wash, Inc., 169 AD3d at 1085-1086; Open Door Foods, LLC v Pasta Machs., Inc., 136 AD3d 1002, 1005; cf. Matter of Agai v Diontech Consulting, Inc., 138 AD3d 736, 737). Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the individual defendants, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court