Arjumand v LaGuardia Express, LLC (2021 NY Slip Op 04117)





Arjumand v LaGuardia Express, LLC


2021 NY Slip Op 04117


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-04706
 (Index No. 3561/15)

[*1]Mohammad Arjumand, respondent,
v
LaGuardia Express, LLC, etc., et al., appellants, et al., defendants.


Dilworth Paxson LLP, New York, NY (Jennifer Platzkere Snyder and Ira Glauber of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Patricia Lynch of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants LaGuardia Express, LLC, Field Family Associates, LLC, Field Hotel Associates, L.P., and New Penn Management appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered March 9, 2018. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The instant action to recover damages for breach of contract and/or unjust enrichment arises from a wages and compensation dispute between the plaintiff and the defendants. The plaintiff alleged that he did not receive a promised increase in wages, and was not paid for services actually rendered. In an order entered March 9, 2018, the Supreme Court, inter alia, denied the motion of the defendants LaGuardia Express, LLC, Field Family Associates, LLC, Field Hotel Associates, L.P., and New Penn Management (hereinafter collectively the defendants) for summary judgment dismissing the complaint insofar as asserted against them. The defendants appeal.
The defendants argue that the complaint should be dismissed insofar as asserted against Field Hotel Associates, L.P., and New Penn Management because the plaintiff did not work for either of those entities and did not proffer the necessary evidence to support an alter ego theory of liability based upon piercing the corporate veil. As a general rule, claims "involving alter ego liability are fact-laden and not well suited for summary judgment resolution" (Emposimato v CIFC Acquistion Corp., 89 AD3d 418, 420 [internal quotation marks omitted]). "A party seeking to pierce the corporate veil must establish that (1) the owners exercised complete domination of the corporation with respect to the transaction attacked, and (2) such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury" (Matter of Edrich v MMAL Corp., 134 AD3d 935, 936). Here, the defendants failed to demonstrate, prima facie, that Field Associates, L.P., and New Penn Management were separate and distinct corporate entities, which were not liable for alleged obligations incurred. Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the sufficiency of the plaintiff's opposition papers need not be addressed (see Baptiste v Ditmas Park, LLC, 171 AD3d 1001, 1003).
Further, the defendants failed to establish, prima facie, that the plaintiff received reasonable compensation for the services he rendered, and therefore, failed to establish, prima facie, that they did not benefit at "the plaintiff's expense [such] that equity and good conscience require restitution" (Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 593). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the unjust enrichment cause of action without considering the sufficiency of the opposing papers or whether the nonmoving party opposed that branch of the motion (see Rivera v State of New York, 34 NY3d 383, 401 [Rivera, J., dissenting]).
The defendants' remaining contentions are without merit.
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court