J&M Indus., Inc. v Red Apple 180 Myrtle Ave. Dev., LLC (2021 NY Slip Op 04966)





J&M Indus., Inc. v Red Apple 180 Myrtle Ave. Dev., LLC


2021 NY Slip Op 04966


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-10472
 (Index No. 508488/16)

[*1]J & M Industries, Inc., etc., respondent, 
v
Red Apple 180 Myrtle Avenue Development, LLC, et al., appellants, et al., defendants.


Westermann Sheehy Keenan Samaan & Aydelott, LLP, East Meadow, NY (Michael J. Rosenthal of counsel), for appellants.
Kilhenny & Felix, Scarsdale, NY (James M. Felix of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien, the defendants Red Apple 180 Myrtle Avenue Development, LLC, and Hartford Fire Insurance appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 17, 2018. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the first and fourth causes of action insofar as asserted against them and discharging the mechanic's lien, and for summary judgment on their first counterclaim, to recover an overpayment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, among other things, to recover damages for breach of contract (first cause of action) and to foreclose a mechanic's lien (fourth cause of action). The defendants Red Apple 180 Myrtle Avenue Development, LLC, and Hartford Fire Insurance (hereinafter together the defendants) appeared in the action and in their answer, inter alia, interposed a counterclaim to recover an alleged overpayment (first counterclaim).
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them and discharging the mechanic's lien, and for summary judgment on their first counterclaim. The defendants contended, among other things, that their evidentiary submissions demonstrated that the plaintiff had executed a series of releases in connection with payments it had received, totaling an amount that exceeded the total amount the plaintiff sought in its itemized lien statement.
The plaintiff opposed the defendants' motion. The plaintiff contended that the defendants' submissions failed to establish as a matter of law that all of the amounts due under the subject contract were paid in full. The plaintiff further contended that the releases did not bar this action.
In an order dated May 17, 2018, the Supreme Court denied the defendants' motion. The court determined, inter alia, that the defendants failed to demonstrate that all of the amounts [*2]allegedly due under the subject contract had been paid in full. The defendants appeal. On appeal, the defendants contend that the Supreme Court should have granted those branches of their motion which were for summary judgment dismissing the first and fourth causes of action and discharging the mechanic's lien, and for summary judgment on their first counterclaim to recover an alleged overpayment.
A mechanic's lien (see Lien Law, article 2), may be enforced in accordance with the provisions of article 3 of the Lien Law (see Lien Law § 24). "A lienor who has filed a notice of lien shall, on demand in writing, deliver to the owner or contractor making such demand a statement in writing which shall set forth the items of labor and/or material and the value thereof which make up the amount for which [the lienor] claims a lien, and which shall also set forth the terms of the contract under which such items were furnished" (Lien Law § 38).
"Notwithstanding the provisions of any other law, any contract, agreement or understanding whereby the right to file or enforce any lien created under article two [of the Lien Law] is waived, shall be void as against public policy and wholly unenforceable" (Lien Law § 34). However "[t]his section shall not preclude a requirement for a written waiver of the right to file a mechanic's lien executed and delivered by a contractor, subcontractor, material supplier or laborer simultaneously with or after payment for the labor performed or the materials furnished" (id.).
A defendant moving for summary judgment on a counterclaim generally has the burden of establishing, prima facie, "all of the essential elements of the [counterclaim]" (Nunez v Chase Manhattan Bank, 155 AD3d 641, 643; see Shah v Mitra, 171 AD3d 971, 979; see generally Stukas v Streiter, 83 AD3d 18, 23). "By contrast, a defendant moving for summary judgment dismissing one of the plaintiff's causes of action may generally sustain his or her prima facie burden 'by negating a single essential element' of that cause of action" (Sterling Park Devs., LLC v China Perfect Constr. Corp., 185 AD3d 1082, 1084, quoting Nunez v Chase Manhattan Bank, 155 AD3d at 643; see Poon v Nisanov, 162 AD3d 804, 806).
"It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense [or counterclaim], which cannot be sustained by pointing out gaps in the plaintiff's proof" (Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871; see Nill v Schneider, 173 AD3d 753, 755). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Here, as the Supreme Court correctly concluded, the defendants' evidentiary submissions failed to account for, or otherwise address, numerous items listed in the plaintiff's itemized lien statement (see Lien Law § 38), and the defendants otherwise failed to demonstrate that all of the amounts allegedly due under the subject contract had been paid in full. Furthermore, the defendants failed to demonstrate that the releases executed by the plaintiff barred the relief sought in this action (see generally Lien Law § 34). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the first and fourth causes of action and discharging the mechanic's lien, and for summary judgment on their first counterclaim, the court properly denied those branches of their motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court