Groth v Ferrante (2023 NY Slip Op 05592)

Groth v Ferrante

2023 NY Slip Op 05592

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-04086
 (Index No. 70849/18)

[*1]Stephen F. Groth, et al., appellants, 
v
Richard Ferrante, et al., respondents.

Daniel A. Groth, Hauppauge, NY, for appellants.
McCullough Goldberger and Staudt, LLP, White Plains, NY (Kevin Staudt of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to enforce a money judgment, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated May 7, 2021. The order granted the motion of the defendants Richard Ferrante and Stuart Schoeman for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In March 2013, the plaintiffs loaned the defendant Everest Merchant Funding, Inc. (hereinafter EMF), the sum of $150,000, which was secured by a note. Richard Ferrante and Stuart Schoeman, as shareholders of EMF, did not personally guarantee the debt. EMF ultimately defaulted on the note, and in a prior action commenced by the plaintiffs against EMF to recover on the note, the plaintiffs obtained a default judgment against EMF in the total sum of $235,354.60.
In December 2018, the plaintiffs commenced the instant action (which was originally commenced as a proceeding pursuant to CPLR article 52), against EMF, Ferrante, and Schoeman, inter alia, to enforce the default judgment entered against EMF. In their pleadings, the plaintiffs sought to pierce EMF's corporate veil and enforce the default judgment against Ferrante and Schoeman (hereinafter together the individual defendants) personally. The plaintiffs further sought to set aside certain cash transfers by EMF, which were made primarily to pay salaries, on the ground that those transfers were fraudulent conveyances pursuant to Debtor and Creditor Law §§ 273-275.
The individual defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion on the grounds that the transfers of funds by EMF were not without consideration and that the plaintiffs' allegations of fraudulent inducement were not properly before the court, since no cause of action sounding in fraudulent inducement was alleged in the pleadings.
In general, "'a corporation exists independently of its owners, who are not personally liable for its obligations, and [who] may incorporate for the express purpose of limiting their liability'" (Sterling Park Devs., LLC v China Perfect Constr. Corp., 185 AD3d 1082, 1083, quoting East Hampton Union Free Sch. Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 126, affd 16 NY3d [*2]775). "The concept of piercing the corporate veil is an exception to this general rule" (Sterling Park Devs., LLC v China Perfect Constr. Corp., 185 AD3d at 1084 [internal quotation marks omitted]), which courts will invoke only where "necessary to prevent fraud or to achieve equity" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [internal quotation marks omitted]; see Palmerone v Staples, 195 AD3d 736, 739). "Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation with respect to the challenged transaction, and (2) that domination was used to commit fraud or wrong against the plaintiff which resulted in injury to the plaintiff . . . . In addition to complete domination of the corporation, the pleading must allege abuse of the privilege of doing business in the corporate form to perpetrate a wrong or injustice (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47). Factors to consider in determining whether an individual has abused the corporate form include failure to adhere to corporate formalities, inadequate capitalization, commingling of assets and personal use of corporate funds" (Chester Green Estates, LLC v Arlington Chester, LLC, 211 AD3d 801, 804-805).
Here, at least some corporate formalities were observed. EMF filed tax returns and held an annual shareholders' meeting in 2014. EMF also had a functioning board of directors, and the plaintiff Stephen F. Groth served on that board of directors pursuant to a corporate resolution dated January 6, 2014. The plaintiffs' allegation of commingling of personal and corporate assets is based upon Ferrante's infusion of $70,500 of his personal funds into EMF to increase EMF's value, rather than upon the improper expenditure of corporate funds for Ferrante's personal benefit. Accordingly, the individual defendants established, prima facie, that the circumstances present here do not warrant piercing the corporate veil, and the plaintiffs failed to raise a triable issue of fact in opposition.
Further, in opposition to the individual defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the causes of action alleging fraudulent conveyance, the plaintiffs failed to come forward with evidence raising a triable issue of fact as to whether the transfers of funds made by EMF were without fair consideration (see Allied Group v Levine, 303 AD2d 698).
The plaintiffs' allegations of fraudulent inducement were not properly before the Supreme Court, since a cause of action sounding in fraudulent inducement was not pleaded, and a plaintiff cannot raise a new theory of liability in opposition to a motion for summary judgment (see Herron v City of Long Beach, 202 AD3d 940, 941).
The plaintiffs' remaining contentions are without merit.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court